UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUAN BARRAGAN,

        Plaintiff,

        v.

WALMART, INC.,

        Defendant.

Case No. 24-cv-5266

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

In this negligence action, Plaintiff sues for injuries he sustained when he fell while walking through the vestibule of a Walmart in Antioch, Illinois. [1]. Defendant moves for summary judgment arguing the Plaintiff failed to establish breach and causation. [26]. For the reasons explained below, the Court grants Defendant's motion.

## I. Factual Background[1]

Plaintiff, Juan Barragan, has had multiple operations on both of his feet.[2] A couple of years prior to this incident, Plaintiff's diabetes required him to amputate all the toes on his left foot. [28-1] 13:1–17. Other medical complications forced him to have six separate operations on his right foot. *Id.* 14:19–15:8. Because of

---

[1] The Court draws the following facts from Defendant's Local Rule 56.1 Statement of Undisputed Material Facts and its underlying exhibits, [28], and Plaintiff's Responses to Defendant's Statement of Undisputed Material Facts and Statement of Additional Facts, [32], and accepts them as true when supported by evidence.

[2] While this litigation was pending, Juan Barragan unfortunately passed away. His widow Adella Barragan has chosen to pursue the claim herself.

1

Plaintiff's foot issues, he owned many different mobility aids that assisted him in walking. *Id.* 33:9–34:12. Relevantly, Plaintiff wore an orthopedic shoe on his right foot. *See id.* 15:9–12. This orthopedic shoe stood approximately three and a half inches taller than the normal shoe he wore on his left foot. *Id.* 18:6–12. Plaintiff could not walk without wearing this orthopedic shoe and he was wearing it the day of the incident. *Id.* 18:24–20:19.

On July 23, 2022, Plaintiff traveled to the Walmart in Antioch, Illinois, as he did every couple of weeks after visiting his sister who lived nearby. [32] ¶¶ 8–9; [28-1] 39:15–40:2. Plaintiff's wife dropped him off at the front door of the Walmart, as she normally did. [28-1] 48:1–49:15. Because Plaintiff saw six electric carts available inside Walmart, he left the crutches he had with him in the car and proceeded towards the electric carts. *Id.* 51:12–52:4. As he approached the carts, Plaintiff felt his left foot slip, causing him to fall. *See id.* 63:18–64:5. Plaintiff could not determine the cause of his fall; he did not have difficulty seeing in the area where the electric carts were located, the vestibule area was adequately lit, and there was no dangerous condition visible on the floor. *See id.* 52:5–53:4, 56:2–7. There were no witnesses to the incident. [28-5] 41:13–16. While Plaintiff recalls his hands being dirty, he does not recall any dirty substance, liquid, or anything of the sort on his clothing, nor did he have any liquid or sticky substance on his hands following the fall. [28-1] 65:8–21, 75:19–76:3.

Defendant provided security footage from the night of Plaintiff's fall. [30].[3] The footage provides three different angles of the vestibule area where Plaintiff fell. It confirms the material facts to which the parties have agreed in the briefing. Among other things, the footage shows that, while walking, Plaintiff appears to place something into his pocket. *See id.* at 15:20−17:23 (video 1), 1:00:15–1:23:25 (videos 2–4). Almost immediately, Plaintiff falls to the ground, landing on the left side of his body. *Id.*

As a result of the incident, Plaintiff suffered a left hip fracture. [28-1] 84:20–85:14. Plaintiff was transported from the Walmart by ambulance to the emergency room, where he underwent surgery on his left hip. *Id.* 82:19–83:4, 85:3–6. Plaintiff had to stay at the hospital for several days after the surgery. *Id.* 85:7–9. After leaving the hospital, Plaintiff was sent to a "nursing home" where he stayed for approximately three weeks for physical therapy. *Id.* 86:4–14.

Plaintiff had been shopping at the Walmart in Antioch for over a year prior to the incident. *Id.* 40:3–8. He had never complained to anyone at that Walmart for any reason, including the flooring anywhere in the store. *Id.* 40:9–15. Plaintiff never had any difficulty walking in or out of that Walmart prior to his fall. *Id.* 40:16–19.

On April 5, 2024, Plaintiff filed this lawsuit against Defendant for negligence under a theory of premises liability. *See* [1] at 18–20. On June 24, 2024, Defendant

---

[3] A court may consider video evidence at summary judgment. *See Scott v. Harris,* 550 U.S. 372, 380–81 (2007). And, contrary to the regular presumption, a court may consider the footage without favoring the non-movant when the video evidence "utterly discredits" the non-movant's version of events. *See id.*

removed the action to this Court. *See generally* [1]. Defendant now moves for summary judgment. [26].

## II.    Legal Standard

Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *King v. Hendricks Cnty. Comm'rs*, 954 F.3d 981, 984 (7th Cir. 2020). After the moving party has met its initial burden of demonstrating a genuine issue of material fact, the non-moving party bears the burden of identifying the evidence creating an issue of fact. *Hutchison v. Fitzgerald Equip. Co.*, 910 F.3d 1016, 1021–22 (7th Cir. 2018). To satisfy this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see Barnes v. City of Centralia*, 943 F.3d 826, 832 (7th Cir. 2019). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not suffice; "there must be evidence on which the jury could reasonably find" for the non-moving party.

*Anderson*, 477 U.S. at 252.

## III.   Discussion

To establish negligence under Illinois law, the plaintiff "must plead and prove the existence of a duty owed by the defendant, a breach of that duty, and injury proximately resulting from that breach." *Bogenberger v. Pi Kappa Alpha Corp.*, 104 N.E.3d 1110, 1118 (Ill. 2018).[4]

### A. Duty

The parties do not dispute the relevant level of duty owed, because Defendant admits to all duties required by law, but Defendant does challenge Plaintiff's assertion in his Complaint that Defendant owed a heightened duty of care "to business invitees, and to Plaintiff, to operate, control, maintain, and manage the subject premises, including the ingress/egress of the front entrance." [1] at 18; *see* [34] at 1–2.

In this case, however, the Illinois Premises Liability Act governs the duties of business owners towards individuals entering their property.   Under the Illinois Premise Liability Act, a landowner or occupier must exercise reasonable care toward people who enter the property. *See also Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057–58 (Ill. 2006) (holding that "the special relationship between a business invitor and invitee does indeed give rise to a duty of reasonable care").   This duty generally does not include warning or protecting entrants from conditions on the

---

[4] Because this case is before this Court under diversity jurisdiction, and the parties do not contest the choice of law, the Court will apply the substantive law of the state in which it sits. *See Mesa Lab'ys, Inc. v. Fed. Ins. Co.*, 994 F.3d 865, 867–68 (7th Cir. 2021). So, Illinois law controls.

property that they could reasonably be expected to notice on their own. 740 ILL. COMP. STAT. 130/2 (2024). This Court applies the relevant standard of care.

### B. Breach and Causation

Defendant asserts that, because Plaintiff has not produced any affirmative evidence that his fall was caused by a dangerous or hazardous condition, he, accordingly, cannot establish proximate cause. [27] at 7–10. Contrarily, Plaintiff asserts that circumstantial evidence is sufficient to raise a genuine issue of material fact regarding the condition of the premises. [33] at 4. Specifically, Plaintiff argues that the presence of dirt on his hands following the fall suggests that dirt or dust on the floor might have caused the incident and that his testimony that he felt his left foot slip is sufficient to withstand summary judgment. *Id.* at 5.

A business owner breaches its duty to an invitee who slips on a foreign object (or substance) in three circumstances: (1) where the object was placed there by the negligence of the proprietor or its employees; (2) his servants knew of its presence; or (3) the object was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered (*i.e.*, the proprietor had constructive notice of the object). *Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 182 (Ill. App. Ct. 2019); *see Olinger v. Great Atl. & Pac. Tea Co.,* 173 N.E.2d 443, 446 (Ill. 1961) (denying liability because the plaintiff failed to establish a connection between the defendant's operation and the substance that caused his fall).[5]

---

[5] This means that absent evidence that the defendant created such a hazardous condition, a defendant may only be held liable if they had either actual or constructive notice of the hazardous condition. *Haslett v. United Skates of Am., Inc.*, 136 N.E.3d 172, 184–85 (Ill. App. Ct. 2019). Plaintiff does not

Beyond the issue of breach, a plaintiff must also establish proximate cause. In Illinois, "liability cannot be predicated upon surmise or conjecture as to the cause of the injury; and proximate cause can only be proven by evidence which establishes to a reasonable certainty that defendants' acts caused the injury." *Hudson v. Twenty-Three E. Adams St. Corp.*, 787 F. Supp. 141, 143 (N.D. Ill. 1992) (collecting cases). Courts have established that "at a bare minimum, a plaintiff who claims to have been injured by a hazard on the defendant's premises must prove the existence of the hazard itself." *Haslett*, 136 N.E.3d at 182–83; *see also Kellman v. Twin Orchard Country Club*, 560 N.E.2d 888, 892 (Ill. App. Ct. 1990) (concluding that the "occurrence of an accident does not support an inference of negligence, and, absent positive and affirmative proof of causation, plaintiff cannot sustain the burden of establishing the existence of a genuine issue of material fact.").

In its motion, Defendant argues that summary judgment should be granted because Plaintiff cannot show causation and he fails to cite to any evidence that Defendant either created a hazardous condition or that Defendant had any constructive notice of any such condition prior to Plaintiff's fall. [27] at 7–10. The record confirms Defendant's assertions.

Defendant relies on *Kimbrough v. Jewel Cos.*, and the case is instructive here. In *Kimbrough*, the plaintiff sued after she slipped and fell on a ramp when exiting the defendant's store. *See generally Kimbrough v. Jewel Cos.*, 416 N.E.2d 328 (Ill. App. Ct. 1981). As in the present case, the plaintiff testified in her deposition that

---

contend that Defendant had actual notice of the alleged dangerous and hazardous condition, so, accordingly, actual notice is not at issue in this case. *See* [34] at 2.

she did not know what caused her to fall. *Id.* at 330–31. Also, no eyewitnesses saw the incident. *Id.* The plaintiff testified that she saw something that appeared to be grease spots in the area where she fell. *Id.* Notwithstanding this observation, the Court in *Kimbrough* reasoned that because the plaintiff admitted that she did not know what caused her fall and no other witnesses could provide any answers to the cause, the plaintiff could not prove her case at trial. *Id.* at 331.

Here, the record, including Plaintiff's own testimony, fails to support his claim. Like the plaintiff in *Kimbrough,* no witnesses saw Plaintiff's fall. *See* [28-5] 41:13–16. *See generally* [30]. Plaintiff admitted that he did not observe any substance on the floor prior to his fall. [28-1] 58:24–59:18. When Plaintiff was asked whether he had any liquid or sticky substance on his hands after he fell, Plaintiff stated that: "When I fell down my hands got dirty because I tried to get up"—he denied any liquid or sticky substance on his hands from touching the floor. *Id.* at 75:10– 76:3. And, he conceded that he did not know what caused his fall. *Id.* 65:19–21.

Plaintiff argues that the "dirt on his hands" somehow creates a genuine issue of material fact as to whether the dust or dirt on the floor might have caused his fall. [33] at 5. Plaintiff cites *Newsom-Bogan*, but that case does not fit the facts here.

In *Newsom-Bogan*, the plaintiff sustained injuries after slipping and falling on the tile floor near a trash receptacle at the defendant's restaurant. *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 953 N.E.2d 427, 429 (Ill. App. Ct. 2011). The plaintiff alleged that Defendant breached its duty of reasonable care by failing to warn customers of the slippery condition that remained near its trash

receptacle that it knew or should have known about. *Id.* Unlike the case here, the plaintiff in *Newsom-Bogan* provided specific evidence of causation, testifying that she was unable to get up after she fell due to the grease on her hands. *Id.* at 432. The court concluded that the plaintiff's testimony that there was a greasy substance on her hands "so slippery" that "she was unable to get up without help" was sufficient to create a triable issue of fact as to whether the presence of this slippery grease caused the fall. *Id.*

Unlike in *Newsom-Bogan,* Plaintiff here relies solely on the presence of dirt on his hands after the fall and his assertion that he felt his foot slip. *See* [33] at 5. Plaintiff, however, does not contend that the dirt on his hands was slippery or otherwise made it difficult for him to get up due to the lack of traction. By contrast, the *Newsom-Bogan* plaintiff both felt and observed a greasy substance consistent with the cause of her fall, which prevented her from getting up. *Newsom-Bogan*, 953 N.E.2d at 429, 432.

In the present case, Plaintiff's speculation cannot defeat summary judgment. As the *Kimbrough* Court reasoned, it "is not enough for a plaintiff to show that he or she fell on the defendant's flooring. The plaintiff must go further and prove that some condition caused the fall and that this condition was caused by the defendant." *Kimbrough,* 416 N.E.2d at 332; *see also LoBianco v. Bonefish Grill, LLC*, 94 F.4th 675, 678 (7th Cir. 2024) (A "plaintiff cannot offer only conjecture about the 'mere possibility of a causal connection' between a slip hazard and injury and advance past summary judgment. Indeed, plaintiffs who express uncertainty about what caused

their fall are not permitted to assume or infer that a nearby hazard . . . was to blame." (internal citations omitted)); *Haslett*, 136 N.E.3d at 183 (finding that plaintiff could not prove that the defendant breached any duty because she failed to establish the existence of a hazardous condition on the rink floor). Applying the *Kimbrough* Court's holding here, Plaintiff's speculation that the presence of dirt might have caused his fall fails to meet Plaintiff's burden of proving a genuine issue of fact.

Indeed, such speculation is undermined by the security footage. In the recordings, numerous customers enter and exit the store without incident, both immediately before and after Plaintiff's fall, and no individual is seen slipping or reacting as though the floor is wet, dirty, or hazardous. *See generally* [30]. Quite simply, the footage confirms that no customers had any difficulty walking in the vestibule area, none made complaints regarding the floor's condition, and, after the Plaintiff's fall, no employees needed to clean the area where he fell. [28-5] 49:7–50:23; *see generally* [30]. The objective video evidence, looked at in tandem with the undisputed record of facts, undermine Plaintiff's argument that a dangerous and hazardous condition (for which Defendant was responsible or on notice of) caused Plaintiff to slip and sustain injuries.

In sum, Plaintiff presents no evidence to establish the existence of a hazardous condition that caused his fall, let alone one attributable to Defendant.[6] Thus, Plaintiff cannot demonstrate the requisite *prima facie* case of negligence, and his claim cannot proceed.

---

[6] Constructive notice presupposes the existence of a hazardous condition; therefore, there is no need to address the constructive notice argument further, as no such condition was shown in this case.

## IV.     Conclusion

For the reasons explained above, the Court grants Defendant's motion for summary judgment.  [26].  The Clerk is directed to enter judgment accordingly.  All dates and deadlines are stricken.  Civil case terminated.

Date:  July 7, 2026

John Robert Blakey
United States District Judge